# EXHIBIT 1

FILED
2026 SEP 04 03:16 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-29159-4 SEA

**SUPERIOR COURT FOR THE STATE OF WASHINGTON**
**FOR KING COUNTY**

| | |
|---|---|
| WALTON LEMJEIK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., a Delaware corporation authorized to conduct business in the State of Washington, and DOES 1 through 100, inclusive,<br><br>Defendants. | No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff Walton Lemjeik ("Plaintiff"), by Plaintiff's undersigned counsel, brings this class action complaint against United Airlines, Inc. and any respective subsidiaries or affiliated companies within the State of Washington (collectively, with DOES 1 through 100, as further defined below, "Defendants"), and alleges as follows:

## I. INTRODUCTION

1.1 Nature of Action. Defendants have engaged in wage and hour abuses against their Washington State hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal periods to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; and (4) failing to pay all overtime wages to employees when



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

they work more than 40 hours in a workweek. Defendants' deliberate and willful failure to pay their employees their earned wages violates Washington State law.

1.2 Plaintiff and the Class Members are current and former hourly-paid or non-exempt employees of Defendants who have been victimized by Defendants' unlawful compensation practices. This lawsuit is brought as a class action under Washington State law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. The Superior Court of Washington has jurisdiction pursuant to RCW 2.08.010. Defendants are within the jurisdiction of this Court. Defendant does business in the State of Washington and has operations in King County. Defendant is registered to conduct business in the State of Washington. Defendants employ putative class members statewide, including in King County, Washington, and the unlawful acts alleged herein have a direct effect on individuals who work and live in Washington State.

2.2 Venue. Venue is proper in King County pursuant to RCW 4.12.025.

2.3 Governing Law. The claims asserted on behalf of Plaintiff and the Class Members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington State law.

## III. PARTIES

3.1 Plaintiff. Plaintiff Walton Lemjeik is a resident of Washington State. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, loading and unloading bags onto the airplane and belts and using tractors and carts to transport baggage. Plaintiff is informed and believes, and based thereon alleges, that he worked for



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

Defendants from approximately October 1, 2023 through April 15, 2026.

3.2 Defendant. Plaintiff is informed and believes, and based thereon alleges, that Defendant United Airlines, Inc. is, and at all times relevant hereto was, a foreign profit corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in Illinois. At all times material herein, Defendant was registered and authorized to conduct business in the State of Washington and doing business in King County.

3.3 Defendants Does 1 through 100. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

3.4 Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action, as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include United Airlines, Inc., and any of its parent, subsidiary, or affiliated companies within Washington state, and DOES 1 through 100 identified herein.

## IV. JOINT LIABILITY ALLEGATIONS



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

4.1 Plaintiff is informed and believes, and based thereon alleges, that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

4.2 All of the acts and conduct described herein of each and every corporate Defendant was duly authorized, ordered, and directed by the respective and collective Defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the Defendant corporations respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

4.3 As a result, Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, are joint employers.

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1 Defendants have engaged in, and continue to engage in, a common course of wage and hour abuse against their hourly-paid or non-exempt employees in the State of Washington.

5.2 Defendants knew or should have known Plaintiff and Class Members were entitled to receive wages for all time worked, including regular and overtime wages. Plaintiff is informed and believes, and thereon alleges, Defendants failed to pay Plaintiff and Class Members all



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

wages owed for work required to be performed, in violation of Washington State wage and hour laws.

5.3 Plaintiff is informed and believes, and thereon alleges, Defendants maintain a practice and/or policy of failing to track all minutes actually worked by Plaintiff and Class Members and failing to pay Plaintiff and Class Members for all minutes worked at the proper rates of pay. Defendants engaged, suffered, or permitted Plaintiff and Class Members to work off the clock, including, without limitation, by requiring Plaintiff and Class Members to complete quarterly training lessons and curriculum classes up to 10 to 15 hours from home; to undergo mandatory airport security checkpoints off the clock; to have their meal periods interrupted or cut short to service arriving flights based on changing flight schedules; and to underreport time worked by being required to report scheduled shift hours rather than actual hours worked when timeclocks were faulty, which occurred on a systemic basis approximately once or twice a month, sometimes more.

5.4 As a direct result of these unlawful practices, Defendants failed to compensate Plaintiff for all hours actually worked. For example, Plaintiff's wage statements from February 5, 2026, March 5, 2026, and March 19, 2026 all show Plaintiff's hours worked to be exactly 80 hours with no overtime, when Plaintiff's total actual hours exceeded 40 hours per week during those pay periods due to Defendants' unlawful time-rounding practices and the uncompensated off-the-clock work described in Paragraph 5.3, including unrecorded time resulting from faulty timeclocks.

5.5 Defendants knew or should have known that Plaintiff and Class Members were entitled to receive a full, timely thirty (30) minute and duty-free uninterrupted meal period for days on which they worked more than five (5) hours in a work day, and a second thirty (30)



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, yet failed to provide Plaintiff and Class Members with legally compliant meal periods and failed to provide compensation for such missed meal periods as required by Washington State wage and hour laws.

5.6 By way of example, Defendants regularly denied Plaintiff and Class Members lawful meal periods by, without limitation, interrupting meal periods; failing to provide timely meal periods; providing short meal periods; requiring on-duty or on-call meal periods; and/or auto-deducting meal periods that could not be auto-deducted under Washington State law or during which employees worked. Specifically, Plaintiff would be required to forgo, interrupt, delay, or shorten his meal periods when flight schedules were adjusted and/or colleagues were absent and required coverage. Additionally, Plaintiff's supervisors would interrupt Plaintiff while on his meal periods in the break room to ask if he was available to assist with operations.

5.7 Defendants knew or should have known that Plaintiff and Class Members were entitled to receive a full ten-minute, off-duty, paid, and uninterrupted rest break for every four (4) hours worked, and that no employee could be required to work more than three (3) consecutive hours without a rest break. Yet, Defendants failed to authorize and permit Plaintiff and Class Members to take legally compliant rest periods and failed to provide compensation for such missed rest breaks as required by Washington State wage and hour laws.

5.8 By way of example, Defendants regularly denied Plaintiff and Class Members lawful rest periods by, without limitation, failing to provide rest breaks altogether; interrupting rest breaks; not providing rest breaks in a timely fashion; and otherwise requiring on-duty/on-call rest breaks. Specifically, Plaintiff would be required to forgo, interrupt, delay, or shorten his rest



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

periods when flight schedules were adjusted and/or colleagues were absent and Defendant required Plaintiff and Class Members to cover those shifts.

5.9 Defendants have engaged in a common course of failing to pay Plaintiff and Class Members for all hours worked over forty (40) in a week at a rate of not less than one and one-half times their regular rate of pay.

5.10 Defendants have engaged in a common course of failing to pay overtime wages to Plaintiff and Class Members during workweeks in which missed rest breaks extended the workweek beyond forty (40) hours.

5.11 Defendants have engaged in a common course of failing to pay overtime wages to Plaintiff and Class Members during workweeks in which missed meal periods extended the workweek beyond forty (40) hours.

5.12 By way of example of this systemic failure, Plaintiff's February 19, 2026 wage statement demonstrates that Defendants underreported overtime hours by recording exactly 88.00 hours of "Regular Pay" at a straight hourly rate, completely failing to pay any overtime compensation for the hours worked in excess of forty (40) in a workweek during that pay period. Furthermore, this recorded total inherently underreports Plaintiff's true and actual overtime hours because it omits the unrecorded time Plaintiff spent performing off-the-clock work and working through interrupted, uncompensated meal and rest periods, which pushed his total hours worked even further beyond the 40-hour weekly threshold.

5.13 Defendants knew or should have known that Plaintiff and Class Members who separated from their employment with Defendants during the statutory period were entitled to timely payment of all wages due. Plaintiff is informed and believes, and thereon alleges, that Defendants failed to pay Plaintiff and Class Members the full amount of their wages owed to



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

them upon termination and/or resignation as required by law, including for, without limitation, failing to pay overtime wages, minimum wages, premium wages, and wages earned from missed or interrupted meal and rest periods.

5.14 Defendants knew or should have known that Plaintiff and Class Members were entitled to receive complete and accurate wage statements and failed to abide by the requirements of WAC 296-126-040. Plaintiff is informed and believes, and thereon alleges, that Defendants failed to furnish Plaintiff and Class Members with itemized wage statements that accurately reflect the pay basis, rate or rates of pay, gross wages, and all deductions for that pay period pursuant to WAC 296-126-040. As a result thereof, Defendants failed to furnish employees with an accurate calculation of gross pay and gross wages earned, as well as gross and net wages paid.

5.15 Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all wages earned at least once per calendar month, on days designated in advance by Defendants as the regular paydays. Plaintiff is informed and believes, and thereon alleges, Defendants failed to pay Plaintiff and Class Members the full amount of wages earned in a timely fashion as required by WAC 296-126-023.

5.16 Defendants knew or should have known that Plaintiff and Class Members were entitled to the timely payment of wages upon termination. Plaintiff is informed and believes, and thereon alleges, Defendants failed to pay Plaintiff and Class Members, the full amount of their wages owed to them upon termination and/or resignation as required by RCW 49.48, including for failing to pay overtime wages, minimum wages, premium wages, and paid time off at their final rate of pay.

5.17 Under Washington State law, an employer must keep and preserve payroll



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-023; WAC 296-126-050; *see also* RCW 49.46.040(3). Defendants have engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class Members worked each day or the total hours they worked each week.

5.18 Defendants had actual or constructive knowledge of the facts set forth above.

## VI. CLASS ACTION ALLEGATIONS

6.1 Class Definition. Pursuant to Washington Civil Rule 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendants in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action.

Excluded from the Class are any entity in which any Defendant has a controlling interest or which has a controlling interest in any other Defendant, and any of Defendants' legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family. All the members of the class are collectively referred to as "Class Members."

6.2 Numerosity. The Class is so numerous that joinder of all Class Members is neither feasible nor practical. The membership of the classes is unknown to Plaintiff at this time. However, based on Plaintiff's investigation, and on information and belief, the number of class members is reasonably estimated to be at least several hundred individuals. The identity of Class Members is readily ascertainable from Defendants' employment records.



BIBIYAN LAW GROUP, P.C.
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

6.3 Commonality. There are numerous questions of law and fact common to Plaintiff and the Class Members. These questions include, but are not limited to, the following:

a. Whether Defendants have engaged in a common course of failing to provide Plaintiff and the Class Members with a ten-minute rest break for every four hours of work;

b. Whether Defendants have engaged in a common course of requiring Plaintiff and the Class Members to work more than three consecutive hours without a rest break;

c. Whether Defendants have engaged in a common course of failing to ensure that Plaintiff and the Class Members have received the rest breaks to which they are entitled;

d. Whether Defendants have engaged in a common course of failing to provide Plaintiff and the Class Members with a thirty-minute meal period for every five hours of work;

e. Whether Defendants have engaged in a common course of failing to ensure that Plaintiff and the Class Members have received their meal periods to which they are entitled;

f. Whether Defendants have engaged in a common course of failing to pay minimum wages to Plaintiff and the Class Members for all hours worked;

g. Whether Defendants have engaged in a common course of failing to pay Plaintiff and the Class Members all overtime wages to which they are entitled;

h. Whether Defendants have engaged in a common course of failing to pay Plaintiff and the Class Members all the wages to which they are entitled;

i. Whether Defendants have failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff and the Class Members;

j. Whether Defendants have failed to furnish itemized pay statements to Plaintiff and the Class Members;



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

k. Whether Defendants have willfully deprived Plaintiff and the Class Members of the wages to which they were entitled;

l. Whether Defendants have violated RCW 49.12.020;

m. Whether Defendants have violated WAC 296-126-092;

n. Whether Defendants have violated RCW 49.46.130;

o. Whether Defendants have violated RCW 49.46.090;

p. Whether Defendants have violated RCW 49.48.010;

q. Whether Defendants have violated RCW 49.52.050;

r. Whether Defendants have violated WAC 296-126-023; and

s. The nature and extent of class-wide injury and the measure of compensation for such injury.

6.4 Typicality. Plaintiff's claims are typical of the claims of the members of the Class because Defendants employed Plaintiff as an hourly-paid or non-exempt employee in the State of Washington. The claims of Plaintiff, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

6.5 Adequacy. Plaintiff will fairly and adequately protect the interest of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel has interests that are contrary to or that conflict with those of the proposed Class.

6.6 Superiority. Class action adjudication is superior to the other methods of adjudication for at least the following reasons:



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

a. The common questions of law and fact described below predominate over questions affecting only individual members, and the questions affecting individuals primarily involve calculations of individual damages.

b. The prosecution of separate actions by the Class Members could either result in inconsistent adjudications establishing incompatible pay practices or, as a practical matter, dispose of the legal claims of Class Members who are not parties to such separate adjudications.

c. Individual Class Members would have little interest in controlling the litigation due to the relatively small size of most claims, and because Representative Plaintiff and Plaintiff's attorneys will vigorously pursue the claims on behalf of the Class Members.

d. A class action will be an efficient method of adjudicating the claims of the Class Members.

6.7 Public Policy Considerations. Employers in Washington State regularly violate wage and hour and other employment laws. The value of individual and employee claims is often small as compared with the relative cost of litigation. Current employees are often afraid to assert their rights out of fear of retaliation. Class actions provide putative class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while at protecting their privacy.

6.8 Predominance. Defendants have engaged in a common course of wage and hour abuse towards Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

## VII. FIRST CLAIM FOR RELIEF



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

**(Violations of RCW 49.12.020 and WAC 296-126-092 – Failure to Provide Rest Breaks)**

7.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

7.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

7.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, Conditions of Labor "means and includes the conditions of rest and meal periods" for employees.

7.5 WAC 296-126-092 provides that employees shall be allowed certain paid rest breaks during their shifts.

7.6 Under Washington State law, Defendants have an obligation to provide employees with the rest breaks to which they are entitled.

7.7 Under Washington State law, Defendants have an obligation to ensure that employees receive the rest breaks to which they are entitled.

7.8 Under Washington State law, Defendants have an obligation to provide employees with ten minutes of additional pay for each missed rest break.

7.9 By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020 and WAC 296-126-092.



BIBIYAN LAW GROUP, P.C.
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

7.10 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VIII. SECOND CLAIM FOR RELIEF

### (Violations of RCW 49.12.020 and WAC 296-126-092 – Failure to Provide Meal Periods)

8.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

8.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

8.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, Conditions of Labor "means and includes the conditions of rest and meal periods" for employees.

8.5 WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

8.6 Under Washington State law, Defendants have an obligation to provide employees with the meal periods to which they are entitled.

8.7 Under Washington State law, Defendants have an obligation to ensure that



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

employees receive the meal periods to which they are entitled.

8.8 Under Washington State law, Defendants have an obligation to provide employees with thirty minutes of additional pay for each missed meal period.

8.9 By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020, and WAC 296-126-092.

8.10 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## IX. THIRD CLAIM FOR RELIEF

### (Violation of RCW 49.46.130 – Failure to Pay Overtime Wages)

9.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

9.3 By the actions alleged above, Defendants have violated the provisions of RCW 49.46.130.

9.4 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.46.090, and costs.



BIBIYAN LAW GROUP, P.C.
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

## X. FOURTH CLAIM FOR RELIEF

**(Violation of RCW 49.46.090 – Payment of Wages Less Than Entitled)**

10.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

10.3 By the actions alleged above, Defendants have violated the provisions of RCW 49.46.090.

10.4 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.46.090, and costs.

## XI. FIFTH CLAIM FOR RELIEF

**(Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)**

11.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him or her on account of his or her employment shall be paid to him or her at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

divert any portion of an employee's wages."

11.3 By the actions alleged above, Defendants have violated the provisions of RCW 49.48.010.

11.4 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) who are no longer employed by Defendants have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members who are no longer employed by Defendants are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XII. SIXTH CLAIM FOR RELIEF

### (Violation of WAC 296-126-023 – Failure to Pay All Wages Due at Established Pay Periods)

12.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2 Pursuant to WAC 296-126-023, Defendants are required to pay all wages due to employees at regular intervals of no longer than one month.

12.3 Defendants maintained a uniform policy and practice of failing to pay Plaintiff and Class Members all earned wages on their regularly scheduled paydays.

12.4 By failing to pay Plaintiff and Class Members all wages due on their established paydays, Defendants violated WAC 296-126-023, RCW 49.46.090, and RCW 49.12.020.

12.5 Defendants' failure to timely pay wages was willful, intentional, and not the result of a bona fide error or dispute.

12.6 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XIII. SEVENTH CLAIM FOR RELIEF

**(Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)**

13.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his or her wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

13.3 Defendants' violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

13.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld or exemplary damages, attorneys' fees, and costs.

13.5 As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to recovery of twice such damages or exemplary damages, including interest thereon, as well as attorneys' fees under RCW 49.52.070, and costs.

## XIV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on Plaintiff's own behalf and on behalf of the members of the Class, prays for a judgment against Defendants as follows:



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

A. Certify the proposed Class;

B. Appoint Plaintiff as Class representative;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington State law;

E. Award Plaintiff and the Class Members compensatory and exemplary damages;

F. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G. Award pre-judgment and post-judgment interest to Plaintiff and the Class Members, as provided by law; and

H. Grant such other and further relief and this Court deems just and proper.

DATED this 4th day of September, 2026.

**BIBIYAN LAW GROUP, P.C.**

By: *<u>/s/ Adarsh N. Parthasarathy</u>*

Adarsh N. Parthasarathy, WSBA No. 62319
Cassandra Lenning, WSBA No. 54336
Danielle E. Kim, WSBA No. 54154
**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043
Fax: (206) 225-2067
*aparthasarathy@tomorrowlaw.com*
*clenning@tomorrowlaw.com*
*dkim@tomorrowlaw.com*

*Attorneys for Plaintiff*