# EXHIBIT A

FILED
2026 SEP 04 03:16 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-29159-4 SEA

**SUPERIOR COURT FOR THE STATE OF WASHINGTON
FOR KING COUNTY**

| | |
|---|---|
| WALTON LEMJEIK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., a Delaware corporation authorized to conduct business in the State of Washington, and DOES 1 through 100, inclusive,<br><br>Defendants. | No.<br><br>**SUMMONS** |

TO: UNITED AIRLINES, INC.

A lawsuit has been started against you in the above-entitled court by Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what is asked for because you have not responded. If you serve a notice of appearance on the



**BIBIYAN LAW GROUP, P.C.**
COLUMBIA CENTER
701 Fifth Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 4th day of September, 2026.

**BIBIYAN LAW GROUP, P.C.**

By: */s/ Adarsh N. Parthasarathy*

Adarsh N. Parthasarathy, WSBA No. 62319
Cassandra Lenning, WSBA No. 54336
Danielle E. Kim, WSBA No. 54154
**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043
Fax: (206) 225-2067
*aparthasarathy@tomorrowlaw.com*
*clenning@tomorrowlaw.com*
*dkim@tomorrowlaw.com*

*Attorneys for Plaintiff*

FILED
2026 SEP 04 03:16 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-29159-4 SEA

**SUPERIOR COURT FOR THE STATE OF WASHINGTON**
**FOR KING COUNTY**

| | |
|---|---|
| WALTON LEMJEIK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., a Delaware corporation authorized to conduct business in the State of Washington, and DOES 1 through 100, inclusive,<br><br>Defendants. | No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff Walton Lemjeik ("Plaintiff"), by Plaintiff's undersigned counsel, brings this class action complaint against United Airlines, Inc. and any respective subsidiaries or affiliated companies within the State of Washington (collectively, with DOES 1 through 100, as further defined below, "Defendants"), and alleges as follows:

## I. INTRODUCTION

1.1 Nature of Action. Defendants have engaged in wage and hour abuses against their Washington State hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal periods to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; and (4) failing to pay all overtime wages to employees when



BIBIYAN LAW GROUP, P.C.
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

they work more than 40 hours in a workweek. Defendants' deliberate and willful failure to pay their employees their earned wages violates Washington State law.

1.2 Plaintiff and the Class Members are current and former hourly-paid or non-exempt employees of Defendants who have been victimized by Defendants' unlawful compensation practices. This lawsuit is brought as a class action under Washington State law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. The Superior Court of Washington has jurisdiction pursuant to RCW 2.08.010. Defendants are within the jurisdiction of this Court. Defendant does business in the State of Washington and has operations in King County. Defendant is registered to conduct business in the State of Washington. Defendants employ putative class members statewide, including in King County, Washington, and the unlawful acts alleged herein have a direct effect on individuals who work and live in Washington State.

2.2 Venue. Venue is proper in King County pursuant to RCW 4.12.025.

2.3 Governing Law. The claims asserted on behalf of Plaintiff and the Class Members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington State law.

## III. PARTIES

3.1 Plaintiff. Plaintiff Walton Lemjeik is a resident of Washington State. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, loading and unloading bags onto the airplane and belts and using tractors and carts to transport baggage. Plaintiff is informed and believes, and based thereon alleges, that he worked for



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

Defendants from approximately October 1, 2023 through April 15, 2026.

3.2 Defendant. Plaintiff is informed and believes, and based thereon alleges, that Defendant United Airlines, Inc. is, and at all times relevant hereto was, a foreign profit corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in Illinois. At all times material herein, Defendant was registered and authorized to conduct business in the State of Washington and doing business in King County.

3.3 Defendants Does 1 through 100. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

3.4 Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action, as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include United Airlines, Inc., and any of its parent, subsidiary, or affiliated companies within Washington state, and DOES 1 through 100 identified herein.

## IV. JOINT LIABILITY ALLEGATIONS



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

4.1 Plaintiff is informed and believes, and based thereon alleges, that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

4.2 All of the acts and conduct described herein of each and every corporate Defendant was duly authorized, ordered, and directed by the respective and collective Defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the Defendant corporations respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

4.3 As a result, Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, are joint employers.

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1 Defendants have engaged in, and continue to engage in, a common course of wage and hour abuse against their hourly-paid or non-exempt employees in the State of Washington.

5.2 Defendants knew or should have known Plaintiff and Class Members were entitled to receive wages for all time worked, including regular and overtime wages. Plaintiff is informed and believes, and thereon alleges, Defendants failed to pay Plaintiff and Class Members all



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

wages owed for work required to be performed, in violation of Washington State wage and hour laws.

5.3 Plaintiff is informed and believes, and thereon alleges, Defendants maintain a practice and/or policy of failing to track all minutes actually worked by Plaintiff and Class Members and failing to pay Plaintiff and Class Members for all minutes worked at the proper rates of pay. Defendants engaged, suffered, or permitted Plaintiff and Class Members to work off the clock, including, without limitation, by requiring Plaintiff and Class Members to complete quarterly training lessons and curriculum classes up to 10 to 15 hours from home; to undergo mandatory airport security checkpoints off the clock; to have their meal periods interrupted or cut short to service arriving flights based on changing flight schedules; and to underreport time worked by being required to report scheduled shift hours rather than actual hours worked when timeclocks were faulty, which occurred on a systemic basis approximately once or twice a month, sometimes more.

5.4 As a direct result of these unlawful practices, Defendants failed to compensate Plaintiff for all hours actually worked. For example, Plaintiff's wage statements from February 5, 2026, March 5, 2026, and March 19, 2026 all show Plaintiff's hours worked to be exactly 80 hours with no overtime, when Plaintiff's total actual hours exceeded 40 hours per week during those pay periods due to Defendants' unlawful time-rounding practices and the uncompensated off-the-clock work described in Paragraph 5.3, including unrecorded time resulting from faulty timeclocks.

5.5 Defendants knew or should have known that Plaintiff and Class Members were entitled to receive a full, timely thirty (30) minute and duty-free uninterrupted meal period for days on which they worked more than five (5) hours in a work day, and a second thirty (30)



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, yet failed to provide Plaintiff and Class Members with legally compliant meal periods and failed to provide compensation for such missed meal periods as required by Washington State wage and hour laws.

5.6 By way of example, Defendants regularly denied Plaintiff and Class Members lawful meal periods by, without limitation, interrupting meal periods; failing to provide timely meal periods; providing short meal periods; requiring on-duty or on-call meal periods; and/or auto-deducting meal periods that could not be auto-deducted under Washington State law or during which employees worked. Specifically, Plaintiff would be required to forgo, interrupt, delay, or shorten his meal periods when flight schedules were adjusted and/or colleagues were absent and required coverage. Additionally, Plaintiff's supervisors would interrupt Plaintiff while on his meal periods in the break room to ask if he was available to assist with operations.

5.7 Defendants knew or should have known that Plaintiff and Class Members were entitled to receive a full ten-minute, off-duty, paid, and uninterrupted rest break for every four (4) hours worked, and that no employee could be required to work more than three (3) consecutive hours without a rest break. Yet, Defendants failed to authorize and permit Plaintiff and Class Members to take legally compliant rest periods and failed to provide compensation for such missed rest breaks as required by Washington State wage and hour laws.

5.8 By way of example, Defendants regularly denied Plaintiff and Class Members lawful rest periods by, without limitation, failing to provide rest breaks altogether; interrupting rest breaks; not providing rest breaks in a timely fashion; and otherwise requiring on-duty/on-call rest breaks. Specifically, Plaintiff would be required to forgo, interrupt, delay, or shorten his rest



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

periods when flight schedules were adjusted and/or colleagues were absent and Defendant required Plaintiff and Class Members to cover those shifts.

5.9 Defendants have engaged in a common course of failing to pay Plaintiff and Class Members for all hours worked over forty (40) in a week at a rate of not less than one and one-half times their regular rate of pay.

5.10 Defendants have engaged in a common course of failing to pay overtime wages to Plaintiff and Class Members during workweeks in which missed rest breaks extended the workweek beyond forty (40) hours.

5.11 Defendants have engaged in a common course of failing to pay overtime wages to Plaintiff and Class Members during workweeks in which missed meal periods extended the workweek beyond forty (40) hours.

5.12 By way of example of this systemic failure, Plaintiff's February 19, 2026 wage statement demonstrates that Defendants underreported overtime hours by recording exactly 88.00 hours of "Regular Pay" at a straight hourly rate, completely failing to pay any overtime compensation for the hours worked in excess of forty (40) in a workweek during that pay period. Furthermore, this recorded total inherently underreports Plaintiff's true and actual overtime hours because it omits the unrecorded time Plaintiff spent performing off-the-clock work and working through interrupted, uncompensated meal and rest periods, which pushed his total hours worked even further beyond the 40-hour weekly threshold.

5.13 Defendants knew or should have known that Plaintiff and Class Members who separated from their employment with Defendants during the statutory period were entitled to timely payment of all wages due. Plaintiff is informed and believes, and thereon alleges, that Defendants failed to pay Plaintiff and Class Members the full amount of their wages owed to



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

them upon termination and/or resignation as required by law, including for, without limitation, failing to pay overtime wages, minimum wages, premium wages, and wages earned from missed or interrupted meal and rest periods.

5.14 Defendants knew or should have known that Plaintiff and Class Members were entitled to receive complete and accurate wage statements and failed to abide by the requirements of WAC 296-126-040. Plaintiff is informed and believes, and thereon alleges, that Defendants failed to furnish Plaintiff and Class Members with itemized wage statements that accurately reflect the pay basis, rate or rates of pay, gross wages, and all deductions for that pay period pursuant to WAC 296-126-040. As a result thereof, Defendants failed to furnish employees with an accurate calculation of gross pay and gross wages earned, as well as gross and net wages paid.

5.15 Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all wages earned at least once per calendar month, on days designated in advance by Defendants as the regular paydays. Plaintiff is informed and believes, and thereon alleges, Defendants failed to pay Plaintiff and Class Members the full amount of wages earned in a timely fashion as required by WAC 296-126-023.

5.16 Defendants knew or should have known that Plaintiff and Class Members were entitled to the timely payment of wages upon termination. Plaintiff is informed and believes, and thereon alleges, Defendants failed to pay Plaintiff and Class Members, the full amount of their wages owed to them upon termination and/or resignation as required by RCW 49.48, including for failing to pay overtime wages, minimum wages, premium wages, and paid time off at their final rate of pay.

5.17 Under Washington State law, an employer must keep and preserve payroll



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-023; WAC 296-126-050; *see also* RCW 49.46.040(3). Defendants have engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class Members worked each day or the total hours they worked each week.

5.18 Defendants had actual or constructive knowledge of the facts set forth above.

## VI. CLASS ACTION ALLEGATIONS

6.1 Class Definition. Pursuant to Washington Civil Rule 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendants in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action.

Excluded from the Class are any entity in which any Defendant has a controlling interest or which has a controlling interest in any other Defendant, and any of Defendants' legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family. All the members of the class are collectively referred to as "Class Members."

6.2 Numerosity. The Class is so numerous that joinder of all Class Members is neither feasible nor practical. The membership of the classes is unknown to Plaintiff at this time. However, based on Plaintiff's investigation, and on information and belief, the number of class members is reasonably estimated to be at least several hundred individuals. The identity of Class Members is readily ascertainable from Defendants' employment records.



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

6.3 Commonality. There are numerous questions of law and fact common to Plaintiff and the Class Members. These questions include, but are not limited to, the following:

a. Whether Defendants have engaged in a common course of failing to provide Plaintiff and the Class Members with a ten-minute rest break for every four hours of work;

b. Whether Defendants have engaged in a common course of requiring Plaintiff and the Class Members to work more than three consecutive hours without a rest break;

c. Whether Defendants have engaged in a common course of failing to ensure that Plaintiff and the Class Members have received the rest breaks to which they are entitled;

d. Whether Defendants have engaged in a common course of failing to provide Plaintiff and the Class Members with a thirty-minute meal period for every five hours of work;

e. Whether Defendants have engaged in a common course of failing to ensure that Plaintiff and the Class Members have received their meal periods to which they are entitled;

f. Whether Defendants have engaged in a common course of failing to pay minimum wages to Plaintiff and the Class Members for all hours worked;

g. Whether Defendants have engaged in a common course of failing to pay Plaintiff and the Class Members all overtime wages to which they are entitled;

h. Whether Defendants have engaged in a common course of failing to pay Plaintiff and the Class Members all the wages to which they are entitled;

i. Whether Defendants have failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff and the Class Members;

j. Whether Defendants have failed to furnish itemized pay statements to Plaintiff and the Class Members;



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

k. Whether Defendants have willfully deprived Plaintiff and the Class Members of the wages to which they were entitled;

l. Whether Defendants have violated RCW 49.12.020;

m. Whether Defendants have violated WAC 296-126-092;

n. Whether Defendants have violated RCW 49.46.130;

o. Whether Defendants have violated RCW 49.46.090;

p. Whether Defendants have violated RCW 49.48.010;

q. Whether Defendants have violated RCW 49.52.050;

r. Whether Defendants have violated WAC 296-126-023; and

s. The nature and extent of class-wide injury and the measure of compensation for such injury.

6.4 Typicality. Plaintiff's claims are typical of the claims of the members of the Class because Defendants employed Plaintiff as an hourly-paid or non-exempt employee in the State of Washington. The claims of Plaintiff, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

6.5 Adequacy. Plaintiff will fairly and adequately protect the interest of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel has interests that are contrary to or that conflict with those of the proposed Class.

6.6 Superiority. Class action adjudication is superior to the other methods of adjudication for at least the following reasons:



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

a. The common questions of law and fact described below predominate over questions affecting only individual members, and the questions affecting individuals primarily involve calculations of individual damages.

b. The prosecution of separate actions by the Class Members could either result in inconsistent adjudications establishing incompatible pay practices or, as a practical matter, dispose of the legal claims of Class Members who are not parties to such separate adjudications.

c. Individual Class Members would have little interest in controlling the litigation due to the relatively small size of most claims, and because Representative Plaintiff and Plaintiff's attorneys will vigorously pursue the claims on behalf of the Class Members.

d. A class action will be an efficient method of adjudicating the claims of the Class Members.

6.7 Public Policy Considerations. Employers in Washington State regularly violate wage and hour and other employment laws. The value of individual and employee claims is often small as compared with the relative cost of litigation. Current employees are often afraid to assert their rights out of fear of retaliation. Class actions provide putative class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while at protecting their privacy.

6.8 Predominance. Defendants have engaged in a common course of wage and hour abuse towards Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

## VII. FIRST CLAIM FOR RELIEF



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

**(Violations of RCW 49.12.020 and WAC 296-126-092 – Failure to Provide Rest Breaks)**

7.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

7.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

7.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, Conditions of Labor "means and includes the conditions of rest and meal periods" for employees.

7.5 WAC 296-126-092 provides that employees shall be allowed certain paid rest breaks during their shifts.

7.6 Under Washington State law, Defendants have an obligation to provide employees with the rest breaks to which they are entitled.

7.7 Under Washington State law, Defendants have an obligation to ensure that employees receive the rest breaks to which they are entitled.

7.8 Under Washington State law, Defendants have an obligation to provide employees with ten minutes of additional pay for each missed rest break.

7.9 By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020 and WAC 296-126-092.



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

7.10 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

**VIII. SECOND CLAIM FOR RELIEF**

**(Violations of RCW 49.12.020 and WAC 296-126-092 – Failure to Provide Meal Periods)**

8.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

8.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

8.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, Conditions of Labor "means and includes the conditions of rest and meal periods" for employees.

8.5 WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

8.6 Under Washington State law, Defendants have an obligation to provide employees with the meal periods to which they are entitled.

8.7 Under Washington State law, Defendants have an obligation to ensure that



BIBIYAN LAW GROUP, P.C.
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

employees receive the meal periods to which they are entitled.

8.8 Under Washington State law, Defendants have an obligation to provide employees with thirty minutes of additional pay for each missed meal period.

8.9 By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020, and WAC 296-126-092.

8.10 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## IX. THIRD CLAIM FOR RELIEF

**(Violation of RCW 49.46.130 – Failure to Pay Overtime Wages)**

9.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

9.3 By the actions alleged above, Defendants have violated the provisions of RCW 49.46.130.

9.4 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.46.090, and costs.



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

## X. FOURTH CLAIM FOR RELIEF

**(Violation of RCW 49.46.090 – Payment of Wages Less Than Entitled)**

10.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

10.3 By the actions alleged above, Defendants have violated the provisions of RCW 49.46.090.

10.4 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.46.090, and costs.

## XI. FIFTH CLAIM FOR RELIEF

**(Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)**

11.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him or her on account of his or her employment shall be paid to him or her at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

divert any portion of an employee's wages."

11.3 By the actions alleged above, Defendants have violated the provisions of RCW 49.48.010.

11.4 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) who are no longer employed by Defendants have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members who are no longer employed by Defendants are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XII. SIXTH CLAIM FOR RELIEF

### (Violation of WAC 296-126-023 – Failure to Pay All Wages Due at Established Pay Periods)

12.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2 Pursuant to WAC 296-126-023, Defendants are required to pay all wages due to employees at regular intervals of no longer than one month.

12.3 Defendants maintained a uniform policy and practice of failing to pay Plaintiff and Class Members all earned wages on their regularly scheduled paydays.

12.4 By failing to pay Plaintiff and Class Members all wages due on their established paydays, Defendants violated WAC 296-126-023, RCW 49.46.090, and RCW 49.12.020.

12.5 Defendants' failure to timely pay wages was willful, intentional, and not the result of a bona fide error or dispute.

12.6 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XIII. SEVENTH CLAIM FOR RELIEF

### (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

13.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his or her wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

13.3 Defendants' violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

13.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld or exemplary damages, attorneys' fees, and costs.

13.5 As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to recovery of twice such damages or exemplary damages, including interest thereon, as well as attorneys' fees under RCW 49.52.070, and costs.

## XIV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on Plaintiff's own behalf and on behalf of the members of the Class, prays for a judgment against Defendants as follows:



**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

A. Certify the proposed Class;

B. Appoint Plaintiff as Class representative;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington State law;

E. Award Plaintiff and the Class Members compensatory and exemplary damages;

F. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G. Award pre-judgment and post-judgment interest to Plaintiff and the Class Members, as provided by law; and

H. Grant such other and further relief and this Court deems just and proper.

DATED this 4th day of September, 2026.

**BIBIYAN LAW GROUP, P.C.**

By: */s/ Adarsh N. Parthasarathy*

Adarsh N. Parthasarathy, WSBA No. 62319
Cassandra Lenning, WSBA No. 54336
Danielle E. Kim, WSBA No. 54154
**BIBIYAN LAW GROUP, P.C.**
Columbia Center
701 Fifth Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043
Fax: (206) 225-2067
*aparthasarathy@tomorrowlaw.com*
*clenning@tomorrowlaw.com*
*dkim@tomorrowlaw.com*

*Attorneys for Plaintiff*

FILED
2026 SEP 04 03:16 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-29159-4 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| LEMJEIK<br><br>VS<br><br>UNITED AIRLINES, INC. | No. 26-2-29159-4 SEA<br><br>**CASE INFORMATION COVER SHEET AND AREA DESIGNATION**<br><br>(CICS) |

**CAUSE OF ACTION**

EMP - Employment

**AREA OF DESIGNATION**

SEA — Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

FILED
2026 SEP 04 03:16 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-29159-4 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| WALTON LEMJEIK<br><br>Plaintiff(s)<br>vs<br><br>UNITED AIRLINES, INC.<br><br>Defendant(s) | No. 26-2-29159-4 SEA<br><br>**ORDER SETTING CIVIL CASE SCHEDULE**<br><br>**ASSIGNED JUDGE: Tenaya Scheinman, Dept. 45**<br><br>FILED DATE: 09/04/2026<br>TRIAL DATE:09/07/2027 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition*.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A statuary filing fee must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a statutory arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a statutory fee must be paid and the request for trial de novo must be filed with the Clerk’s Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 09/04/2026 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 02/12/2027 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration *[See KCLCR 4.2(a) and Notices on Page 2*]. | 02/12/2027 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 02/26/2027 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 04/06/2027 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 05/18/2027 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 06/01/2027 |
| | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 06/01/2027 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 07/20/2027 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 08/10/2027 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 08/17/2027 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 08/17/2027 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 08/24/2027 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 08/31/2027 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 08/31/2027 |
| | Trial Date [*See KCLCR 40*]. | 09/07/2027 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 09/04/2026

Averil Rothrock

PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial**
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court**. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the

assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

Averil Rothrock

PRESIDING JUDGE

FILED
2026 OCT 29
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 26-2-29159-4 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON, IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| WALTON LEMJEIK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., a Delaware corporation authorized to conduct business in the State of Washington; et al.,<br><br>Defendants. | NO. 26-2-29159-4 SEA<br><br>DECLARATION OF SERVICE OF: SUMMONS; CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE INFORMATION COVER SHEET AND AREA DESIGNATION; ORDER SETTING CIVIL CASE SCHEDULE. |

STATE OF WASHINGTON
COUNTY OF KING

That I am now, and at all times herein mentioned, was a citizen of the United States and a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above entitled action, and am competent to be a witness therein.

That at 10:14 A.M. on October 21st, 2026, at 300 Deschutes Way Southwest, Suite 208, Tumwater, Washington, I duly served the above-described documents in the above-described matter upon United Airlines, Inc., by then and there personally delivering a true and correct copy thereof by leaving the same with Ellen Jones, Customer Service Associate for Corporation Service Company, its Registered Agent, who stated that she was authorized to receive service.

I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed at Seattle, Washington, on 10/23/26

| | |
|---|---|
| Process Fee: | 12.00 |
| Prep: | 10.00 |
| Travel: | 105.00 |
| Bad Address: | |
| Wait: | |
| Special Fee: | |
| Declaration Fee: | 12.00 |
| TOTAL | $139.00 |

RWKohnenberger

RICHARD KOHNENBERGER KING CO. #0203336

**SUPERIOR COURT FOR THE STATE OF WASHINGTON**
**FOR KING COUNTY**

| | |
|---|---|
| WALTON LEMJEIK, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>UNITED AIRLINES, INC., a Delaware corporation authorized to conduct business in the State of Washington, and DOES 1 through 100, inclusive,<br>Defendants. | No. 26-2-29159-4 SEA<br>**SUMMONS** |

TO: UNITED AIRLINES, INC.

A lawsuit has been started against you in the above-entitled court by Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what is asked for because you have not responded. If you serve a notice of appearance on the



BIBIYAN LAW GROUP, P.C.
COLUMBIA CENTER
701 Fifth Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043

FILED
2026 NOV 04 04:28 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-29159-4 SEA

The Honorable Tenaya Scheinman
Trial Date: September 7, 2027

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| WALTON LEMJEIK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., a Delaware corporation authorized to conduct business in the State of Washington, DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 26-2-29159-4 SEA<br><br>**NOTICE OF APPEARANCE OF MOLLY GABEL AND MICHAEL TRACY**<br><br>***Clerk's Action Required*** |

TO: Walton Lemjeik, Plaintiff

AND TO: Adarsh N. Parthasarathy, Cassandra Lenning, and Danielle E. Kim, BIBIYAN LAW GROUP, P.C., Plaintiff's Counsel of Record

PLEASE TAKE NOTICE that Seyfarth Shaw LLP, through its attorneys Molly Gabel and Michael Tracy, hereby appear in the above-captioned action as counsel of record for Defendant ("Defendant" or "United"). Defendant does not waive any objections as to lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of service of process, insufficiency of process, failure to state a claim upon which relief can be granted, or any other claim or defense, by this appearance of its attorneys.

Service of further pleadings, notices, documents or other papers in this matter, exclusive of original process, may be made upon the Defendant by serving the undersigned attorneys of record at the address below.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Dated: November 4, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/Molly Gabel*
Molly Gabel (WSBA No. 47023)

*/s/Michael Tracy*
Michael Tracy (WSBA No. 51226)
999 Third Avenue, Suite 4700
Seattle, Washington 98104
Telephone: (206) 946-4910
Email: mgabel@seyfarth.com
mtracy@seyfarth.com

Attorneys for Defendant
UNITED AIRLINES, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the document to which this Certificate of Service is attached to be served in the manner as indicated below:

Adarsh N. Parthasarathy, WSBA No. 62319
Cassandra Lenning, WSBA No. 54336
Danielle E. Kim, WSBA No. 54154
BIBIYAN LAW GROUP, P.C.
701 5th Avenue, 42nd Floor
Seattle, WA 98104
Telephone: 206-225-2043
Facsimile: 206-225-2067
Email: aparthasarathy@tomorrowlaw.com
clenning@tomorrowlaw.com
dkim@tomorrowlaw.com

☐ Via Legal Messenger
☐ Via U.S. Mail, postage prepaid
☐ Via Federal Express
☒ Via Electronic Mail
☒ Via KCSC ECF System

*Attorneys for Plaintiff*

Declared under penalty of perjury under the laws of the State of Washington.

DATED November 4, 2026, at Seattle, Washington.

*/s/Kathy Wheat*
Kathy Wheat, Legal Assistant
SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, WA 98104-4041
T: (206) 946-4923
Email: kwheat@seyfarth.com

FILED
2026 NOV 04
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 26-2-29159-4 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| LEMJEIK<br><br>VS<br><br>UNITED AIRLINES INC | No. 26-2-29159-4 SEA<br><br>**CERTIFICATE OF E-SERVICE** |

I, Michael Tracy, certify that I initiated electronic service of the following document(s) on the parties listed below who have consented to accept electronic service via the King County eFiling Application. Service was initiated on November 4th, 2026 at 4:28 p.m.

Document(s):

1. Notice of Appearance

Parties:

1. MichaelTracy, Attorney for Defendant
2. , E-Mail: mtracy@seyfarth.com
3. KrishitaDave, Other Legal Professional
4. , E-Mail: kdave@tomorrowlaw.com
5. AdarshParthasarathy, Attorney for Plaintiff
6. , E-Mail: aparthasarathy@tomorrowlaw.com

Executed this 4th day of November, 2026.

s/Michael Tracy, mtracy@seyfarth.com