The Honorable Judge Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| WALTON LEMJEIK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., a Delaware corporation authorized to conduct business in the State of Washington, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:26-cv-04339-LK<br><br>**DEFENDANT UNITED AIRLINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

United Airlines, Inc. ("United" or "Defendant") hereby answers Plaintiff Walton Lemjeik's ("Plaintiff") Class Action Complaint for Damages and Injunctive Relief ("Complaint") in the above-captioned matter. Defendant denies all of the allegations of the Complaint unless expressly admitted herein. Each numbered paragraph that follows contains answers to the allegations in the like-numbered paragraph of the Complaint. Defendant incorporates and relies on Plaintiff's citations for response purposes only.

## I. INTRODUCTION

1.1 Defendant admits that Plaintiff purports to bring this action under Washington state law seeking damages for unpaid wages, among other relief sought. Defendant otherwise



JONES DAY
150 West Jefferson Ave.
Suite 2100
Detroit, MI 48226
(313) 733-3939

denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

1.2 Defendant admits that Plaintiff purports to bring this action under Washington state law seeking damages for unpaid wages, among other relief sought. Defendant otherwise denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

## II. JURISDICTION AND VENUE

2.1 The allegations of this paragraph are based on Plaintiff's Complaint, which was filed in the Superior Court for King County, Washington. Defendant has removed this action to federal court, so these allegations are no longer applicable to the current procedural posture. Whether jurisdiction is proper is a legal conclusion to which no response is required. Defendant admits it is authorized to conduct business in Washington and that it employed Plaintiff and other individuals in Washington. To the extent any further response is required, Defendant otherwise denies the allegations of this paragraph and avers that jurisdiction is proper in this Court.

2.2 The allegations of this paragraph are based on Plaintiff's Complaint, which was filed in the Superior Court for King County, Washington. Defendant has removed this action to federal court, so these allegations are no longer applicable to the current procedural posture. Whether venue is proper is a legal conclusion to which no response is required. To the extent a response is required, Defendant avers that venue is proper in this Court.

2.3 Defendant admits that Plaintiff purports to bring this action under Washington state law. Defendant otherwise denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action. Defendant further avers that the claims in this case are subject to, and preempted by, federal law.

/ / /



JONES DAY
150 West Jefferson Ave.
Suite 2100
Detroit, MI 48226
(313) 733-3939

## III. PARTIES

3.1 Defendant admits that it employed Plaintiff in Washington from approximately October 2023 to April 2026 with a job title of Ramp Service Employee, for which the related job responsibilities include handling baggage. Defendant otherwise denies the allegations of this paragraph.

3.2 Defendant admits the allegations of this paragraph.

3.3 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a basis upon which to admit or deny the allegations in this paragraph, and on that basis denies them.

3.4 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## IV. JOINT LIABILITY ALLEGATIONS

4.1 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

4.2 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

4.3 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

/ / /

/ / /



JONES DAY
150 West Jefferson Ave.
Suite 2100
Detroit, MI 48226
(313) 733-3939

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1 Defendant denies the allegations of this paragraph.

5.2 The allegations of this paragraph include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with any applicable law, denies any and all factual allegations in this paragraph, and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

5.3 Defendant denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

5.4 Defendant denies the allegations of this paragraph.

5.5 The allegations of this paragraph include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with any applicable law, denies any and all factual allegations in this paragraph, and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

5.6 The allegations of this paragraph include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with any applicable law, denies any and all factual allegations in this paragraph, and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

5.7 The allegations of this paragraph include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with any applicable law, denies any and all factual allegations in this paragraph, and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.



JONES DAY
150 West Jefferson Ave.
Suite 2100
Detroit, MI 48226
(313) 733-3939

5.8 The allegations of this paragraph include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with any applicable law, denies any and all factual allegations in this paragraph, and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

5.9 Defendant denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

5.10 Defendant denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

5.11 Defendant denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

5.12 Defendant denies the allegations of this paragraph.

5.13 The allegations of this paragraph include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with any applicable law, denies any and all factual allegations in this paragraph, and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

5.14 The allegations of this paragraph include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal authorities cited or any applicable law, denies any and all factual allegations in this paragraph, and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

5.15 The allegations of this paragraph include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal authorities cited or any applicable



JONES DAY
150 West Jefferson Ave.
Suite 2100
Detroit, MI 48226
(313) 733-3939

law, denies any and all factual allegations in this paragraph, and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

5.16 The allegations of this paragraph include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal authorities cited or any applicable law, denies any and all factual allegations in this paragraph, and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

5.17 The allegations of this paragraph include legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal authorities cited or any applicable law, denies any and all factual allegations in this paragraph, and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

5.18 The allegations of this paragraph include legal conclusions to which no response is required. To the extent a response is required, Defendant denies any and all factual allegations in this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

## VI. CLASS ACTION ALLEGATIONS

6.1 Defendant denies that this action is properly brought on behalf of a class or otherwise maintained as a class action. Defendant otherwise denies the allegations of this paragraph.

6.2 Defendant admits that it has employed at least one hundred current and former employees that fit the definition of the putative class during the putative class period. Defendant otherwise denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

/ / /



JONES DAY
150 West Jefferson Ave.
Suite 2100
Detroit, MI 48226
(313) 733-3939

6.3 Defendant denies the allegations of this paragraph (including all subparagraphs) and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

6.4 Defendant denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

6.5 Defendant denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

6.6 Defendant denies the allegations of this paragraph (including all subparagraphs) and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

6.7 Defendant denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

6.8 Defendant denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

## VII. FIRST CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 – Failure to Provide Rest Breaks)**

7.1 To the extent this paragraph realleges and incorporates by reference prior allegations, Defendant realleges and incorporates by reference its prior responses to those allegations. Defendant denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

7.2 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal authorities cited or any applicable law.

/ / /



JONES DAY
150 West Jefferson Ave.
Suite 2100
Detroit, MI 48226
(313) 733-3939

7.3 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal authorities cited or any applicable law.

7.4 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal authorities cited or any applicable law.

7.5 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal authorities cited or any applicable law.

7.6 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with any applicable law.

7.7 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with any applicable law.

7.8 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with any applicable law.

7.9 Defendant denies the allegations of this paragraph.

7.10 Defendant denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

/ / /



JONES DAY
150 West Jefferson Ave.
Suite 2100
Detroit, MI 48226
(313) 733-3939

## VIII. SECOND CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 – Failure to Provide Meal Periods)**

8.1 To the extent this paragraph realleges and incorporates by reference prior allegations, Defendant realleges and incorporates by reference its prior responses to those allegations. Defendant denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

8.2 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal authorities cited or any applicable law.

8.3 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal authorities cited or any applicable law.

8.4 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal authorities cited or any applicable law.

8.5 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal authorities cited or any applicable law.

8.6 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with any applicable law.



JONES DAY
150 West Jefferson Ave.
Suite 2100
Detroit, MI 48226
(313) 733-3939

8.7 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with any applicable law.

8.8 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with any applicable law.

8.9 Defendant denies the allegations of this paragraph.

8.10 Defendant denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

## IX. THIRD CLAIM FOR RELIEF

**(Violation of RCW 49.46.130 – Failure to Pay Overtime Wages)**

9.1 To the extent this paragraph realleges and incorporates by reference prior allegations, Defendant realleges and incorporates by reference its prior responses to those allegations. Defendant denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

9.2 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal authorities cited or any applicable law.

9.3 Defendant denies the allegations of this paragraph.

9.4 Defendant denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

/ / /

/ / /

/ / /



JONES DAY
150 West Jefferson Ave.
Suite 2100
Detroit, MI 48226
(313) 733-3939

## X. FOURTH CLAIM FOR RELIEF

**(Violation of RCW 49.46.090 – Payment of Wages Less Than Entitled)**

10.1 To the extent this paragraph realleges and incorporates by reference prior allegations, Defendant realleges and incorporates by reference its prior responses to those allegations. Defendant denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

10.2 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal authorities cited or any applicable law.

10.3 Defendant denies the allegations of this paragraph.

10.4 Defendant denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

## XI. FIFTH CLAIM FOR RELIEF

**(Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)**

11.1 To the extent this paragraph realleges and incorporates by reference prior allegations, Defendant realleges and incorporates by reference its prior responses to those allegations. Defendant denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

11.2 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal authorities cited or any applicable law.

11.3 Defendant denies the allegations of this paragraph.

/ / /



JONES DAY
150 West Jefferson Ave.
Suite 2100
Detroit, MI 48226
(313) 733-3939

11.4 Defendant denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

## XII. SIXTH CLAIM FOR RELIEF

### (Violation of WAC 296-126-023 – Failure to Pay All Wages Due at Established Pay Periods)

12.1 To the extent this paragraph realleges and incorporates by reference prior allegations, Defendant realleges and incorporates by reference its prior responses to those allegations. Defendant denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

12.2 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal authorities cited or any applicable law.

12.3 Defendant denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

12.4 Defendant denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

12.5 Defendant denies the allegations of this paragraph.

12.6 Defendant denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

## XIII. SEVENTH CLAIM FOR RELIEF

### (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

13.1 To the extent this paragraph realleges and incorporates by reference prior allegations, Defendant realleges and incorporates by reference its prior responses to those allegations. Defendant denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.



JONES DAY
150 West Jefferson Ave.
Suite 2100
Detroit, MI 48226
(313) 733-3939

13.2 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal authorities cited or any applicable law.

13.3 Defendant denies the allegations of this paragraph.

13.4 The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph to the extent they are inconsistent with the legal authorities cited or any applicable law.

13.5 Defendant denies the allegations of this paragraph and denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

## XIV. PRAYER FOR RELIEF

Defendant denies that Plaintiff or any putative class members are entitled to any relief, including subparagraphs A through H, or any other relief whatsoever. Defendant respectfully requests that this Court dismiss the Complaint with prejudice and grant such other and further relief to Defendant, including costs and attorneys' fees, as may be deemed just and appropriate. Defendant further denies that this action is properly brought on behalf of a class or otherwise maintained as a class action.

## GENERAL DENIAL

Defendant denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are preempted under Article I, Section 8, Clause 3 of the United States Constitution.

### SECOND AFFIRMATIVE DEFENSE



JONES DAY
150 West Jefferson Ave.
Suite 2100
Detroit, MI 48226
(313) 733-3939

Plaintiff's and the putative class members' claims are preempted under the Airline Deregulation Act, 49 U.S.C. § 41713.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are preempted under Article VI, Clause 2 of the United States Constitution, the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501, and/or the principles of field preemption and/or conflict preemption.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are preempted under the Railway Labor Act, 45 U.S.C. § 151, *et seq.*

FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not stated a claim upon which relief may be granted.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are barred in whole or in part by the applicable statutes of limitations.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims as to each and every putative class member are barred to the extent Plaintiff or any putative class member lacks standing to assert them.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are barred as they seek to nullify contractual agreements which were voluntarily and knowingly entered into, with consideration, and without duress.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are barred by Article I, Section 10, Clause 1 of the United States Constitution.

TENTH AFFIRMATIVE DEFENSE



JONES DAY
150 West Jefferson Ave.
Suite 2100
Detroit, MI 48226
(313) 733-3939

Plaintiff's and the putative class members' claims are barred by the Fourteenth Amendment to the United States Constitution.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrine of laches.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrines of waiver, release, acquiescence, and/or estoppel.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrine of unclean hands.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are barred, in whole or in part, due to their failure to mitigate their damages and/or avoid their damages, including by failing to take advantage on a timely basis of any preventative or corrective action processes provided by Defendant or to otherwise avoid harm.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are barred, in whole or in part, because any alleged compensation not included in the regular rate for overtime pay purposes was properly excluded under applicable law.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are barred, in whole or in part, because the hours to which they claim entitlement to overtime compensation were accrued as a result of a voluntary shift trade with another of Defendant's employees.

SEVENTEENTH AFFIRMATIVE DEFENSE



JONES DAY
150 West Jefferson Ave.
Suite 2100
Detroit, MI 48226
(313) 733-3939

Plaintiff's and the putative class members' claims are barred, in whole or in part, because any alleged underpayment was the result of a bona fide dispute.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are barred as to all alleged hours worked of which Defendant lacked actual or constructive knowledge.

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and the claims alleged therein, on behalf of himself and those he seeks to represent, are barred to the extent the time for which Plaintiff seeks compensation on behalf of himself and any putative class members, or upon which the legal theories alleged are factually premised, is *de minimis*.

TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims for the alleged failure to provide meal periods are barred to the extent that such meal periods were voluntarily waived.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are barred, in whole or in part, because Defendant complied with its statutory obligations, and to the extent it is determined that there was any non-compliance, Defendant substantially complied with its statutory obligations.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Certification of this suit as a class action is not appropriate and would deny Defendant due process of law.

TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff and the putative class members are not entitled to some or all of the relief requested under the Complaint because, even if unlawful actions occurred, which Defendant denies, such conduct was not committed, countenanced, ratified, or approved by Defendant's managing agents and/or was undertaken for legitimate business purposes and/or in good faith



JONES DAY
150 West Jefferson Ave.
Suite 2100
Detroit, MI 48226
(313) 733-3939

compliance with the law.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant is entitled to setoff and/or to recoup any monies paid to Plaintiff or the putative class members; and some or all of Plaintiff's claims and the claims of putative class members are barred, in whole or in part, by exclusions, exceptions, or credits under applicable federal and state law.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrine of satisfaction, or the doctrine of satisfaction limits and reduces the alleged damages, to the extent Plaintiff and/or the putative class members accepted payment in discharge of one or more of Defendant's obligations. Without limiting the generality of this affirmative defense, to the extent Plaintiff and/or the putative class members have voluntarily settled and released all or portions of their purported claims in any other matter, they are barred from pursuing these claims or portions of claims subject to such settlements.

RESERVATION OF RIGHTS

Defendant has not knowingly or intentionally waived any applicable affirmative defense and reserves the right to assert and rely on such other applicable affirmative defenses as may later become available or apparent. Defendant further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery. Nothing stated herein constitutes a concession as to whether or not Plaintiff bears the burden of proof on any issue.



JONES DAY
150 West Jefferson Ave.
Suite 2100
Detroit, MI 48226
(313) 733-3939

Dated: November 16, 2026

Respectfully submitted,

*/s/ Aaron S. Markel*
JONES DAY

Aaron S. Markel (admitted *pro hac vice*)
150 West Jefferson Avenue, Suite 2100
Detroit, MI 48226
Telephone: (313) 230-7929
Email: amarkel@jonesday.com

*/s/ Elizabeth McRee*
Elizabeth McRee (admitted *pro hac vice*)
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: (312) 269-4374
Email: emcree@jonesday.com

*/s/ Koree B. Wooley*
Koree B. Wooley (admitted *pro hac vice*)
4655 Executive Drive, Suite 1500
San Diego, CA 92121
Telephone: (858) 314-1200
Email: kbwooley@jonesday.com

SEYFARTH SHAW LLP

*/s/ Molly Gabel*
Molly Gabel (WSBA No. 47023)

*/s/ Michael Tracy*
Michael Tracy (WSBA No. 51226)
999 Third Avenue, Suite 4700
Seattle, WA 98104
Telephone: (206) 946-4910
Email: mgabel@seyfarth.com
mtracy@seyfarth.com

*Attorneys for Defendant United Airlines, Inc.*